IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARVELENA QUESADA | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| WILLIAM CLINTON, | ) | |
| | ) | |
| | ) | |
| Defendant | ) | |

## COMPLAINT

### PRELIMINARY STATEMENT

1. Marvelena Quesada has been blind since birth. On October 28, 2013, she was out with a friend at Caleco's Bar & Grill. Ms. Quesada paid her bill and walked out the door with her guide dog when her friend requested her assistance. Her friend was having problems with her credit card and asked Ms. Quesada to return to the restaurant to settle the friend's bill. As Ms. Quesada was finalizing the transaction at the bar, Defendant William Clinton, an off-duty City of St. Louis police officer working secondary at Caleco's, approached Ms. Quesada and told her to "get out and get out now!" Ms. Quesada was in the process of complying, when Defendant Clinton handcuffed her and pulled her off her chair and, dragged Ms. Quesada out of Caleco's -- with her guide dog's leash attached to her other arm -- and down the sidewalk before her friend and other patrons succeeded in urging the Defendant to stop his abuse.

2. This is a civil action pursuant to 42 U.S.C. §1983 in which Plaintiff seeks damages from Defendant Clinton for depriving Plaintiff of her rights under the Fourth and Fourteenth Amendments to the U.S. Constitution

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and §1343. Plaintiff invokes the supplemental jurisdiction of this Court to hear and decide state law claims pursuant to 28 U.S.C. §1367.

4. Venue is appropriate in this Court pursuant to 28 U.S.C. §1391(b), since the Defendant is located, and all incidents giving rise to this suit occurred in this judicial district.

## PARTIES

5. Plaintiff Marvelena Quesada is a citizen and resident of the City of St. Louis, the State of Missouri, and the United States of America.

6. At all times referred to herein, Defendant Clinton was a sworn peace officer employed by the St. Louis Metropolitan Police Department and was acting under color of law. Defendant Clinton was working department-approved secondary providing security for Caleco's Bar & Grill. Plaintiff sues Defendant Clinton in his individual capacity.

## FACTS

7. On October 28, 2013, Plaintiff was a patron at Caleco's Bar & Grill located at 101 North Broadway, St. Louis, Missouri 63102, in the City of St. Louis.

8. In the early morning hours, Plaintiff was in the process of exiting the building as the business was closing for the night.

9. Plaintiff was accompanied by her licensed guide dog and was with other patrons exiting the establishment.

10. As Plaintiff was about to enter a waiting taxi, her friend stopped her and explained that she had a problem with her credit card and asked Plaintiff to come back into Caleco's Bar & Grill to settle her bill.

11. Plaintiff returned to Caleco's with her guide dog, went directly to the bartender and paid her friend's bill with her debit card.

12. As Plaintiff was waiting to receive the debit card slip to sign, Defendant came up behind her and asked what she was doing. She stated that she was paying her friend's bill and then leaving. Defendant Clinton then told the Plaintiff to "get out and get out now."

13. Plaintiff responded, "Just a second," as she signed the credit card slip, and began to return her debit card and wallet to her purse.

14. For Plaintiff, putting the card back in its precise place so that it can be found again is critical, and may take a few seconds longer than a sighted person.

15. As she was putting her wallet in her purse, Plaintiff heard a "jingling" sound behind her, and the same voice say, "I said now, bitch! You're going to jail!"

16. Plaintiff felt a handcuff being snapped on her right hand. She was then yanked off her bar chair. Thrown off balance, Plaintiff fell to the floor and hit her head. While on the floor, she felt her left hand – which had the leash attached to her guide dog -- handcuffed.

17. Dazed from banging her head, Plaintiff and her guide dog were dragged across the floor and out a door.

18. Simultaneously, Plaintiff also felt her guide dog, whose leash was tangled on her arm, being pulled into tables and chairs, stumble and fall against her as they were hauled along the floor.

19. Plaintiff screamed, cried and begged Defendant Clinton to let her go. She was terrified.

20. As this was happening, Plaintiff's friend asked Defendant Clinton "What are you doing to my friend?"

21. Defendant Clinton yelled back, "Shut up unless you want to be next."

22. Once outside, Defendant Clinton continued to drag Plaintiff, who was still on her back, down the concrete sidewalk.

23. Plaintiff felt herself starting to lose consciousness and began screaming in hopes that someone would come to her aid. Bystanders did hear her screams and approached Defendant Clinton, who then released Plaintiff.

24. At this point, Plaintiff was lying on the sidewalk.

25. Plaintiff suffered injuries from Defendant Clinton's use of force. She had multiple cuts and bruises to her arms, back and face.

26. For some weeks following the incident, Plaintiff was confined to bed. She remained fearful, in shock, and was depressed.

27. Plaintiff's back injury made it impossible for her to move without pain.

28. Plaintiff had reoccurring nightmares of the event at Caleco's, which made it difficult to sleep for extended periods of time. She was also afraid to leave her house unaccompanied.

29. At one point, Plaintiff sent her guide dog away because she believed she was too ill to properly exercise and care for him.

30. Plaintiff did nothing to warrant the use of force against her.

## COUNT I

### UNREASONABLE SEIZURE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO UNITED STATES CONSTITUTION COGNIZABLE UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT CLINTON

For her cause of action against Defendant Clinton in Count I, Plaintiff Quesada states:

31. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. When Defendant Clinton put his hands on Plaintiff and thereafter handcuffed and forcefully threw her to the ground and dragged her, he seized Plaintiff and the seizure was unreasonable.

33. Defendant Clinton's conduct violated the Fourth and Fourteenth Amendments to the United States Constitution.

34.  As a direct and proximate result of the conduct of Defendant Clinton, Plaintiff suffered injuries and damages, including but not limited to: injuries to her body; great fear for her safety and that of her guide dog; pain of the mind as well as the body; fear, apprehension, depression and consternation; and medical expenses, past, present and future.

35. The acts of Defendant Clinton were intentional, wanton, malicious, oppressive, reckless, and/or callously indifferent to the rights of Plaintiff, thus entitling Plaintiff to an award of punitive damages against Defendant Clinton.

36. If Plaintiff Quesada prevails, she is entitled to recover attorney's fees pursuant to 42 U.S.C. §1988.

WHEREFORE, Plaintiff prays for judgment against Defendant Clinton for damages in an amount that is fair and reasonable, for punitive damages, for attorney's fees and the costs of litigation, and for such additional relief as the Court deems just and proper.

## COUNT II

### ASSAULT AND BATTERY OF PLAINTIFF BY DEFENDANT CLINTON COGNIZABLE UNDER STATE LAW

For her cause of action against Defendant Clinton in Count II, Plaintiff Quesada states:

37. Plaintiff incorporates the allegations contained in paragraphs 1 through 36 of this complaint as though fully set forth herein.

38. The acts of Defendant Clinton, as aforedescribed, were committed without just cause or provocation and with the intent to cause Plaintiff offensive contact, bodily harm, apprehension of offensive contact, and apprehensive of bodily harm, constituting an intentional assault and battery against Plaintiff.

39. As a direct result and consequence of the conduct of the Defendant Clinton, Plaintiff suffered injuries and damages.

40. The acts of the Defendant Clinton were intentional, wanton, malicious, oppressive, reckless and callously indifferent to the rights of Plaintiff thus entitling Plaintiff to an award of punitive damages against Defendant Clinton.

WHEREFORE, Plaintiff prays for judgment against Defendant Clinton for compensatory and punitive damages, and costs and for such further relief as is appropriate.

6

Respectfully submitted,
June 23, 2015

THE RYALS LAW FIRM, P.C.

_____
Stephen M. Ryals   MO34149
P.O. Box 11065
Ferguson, Missouri 63135-
(314) 862-6262 *phone*
(314) 526-0061 *facsimile*
ryals@rblawstl.com *email*

Attorney for Plaintiff